AO 243
REV 6/82

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN TEXAS | |
|---|---|---|
| Name of Movant ISMAEL CEPEDA, JR. | Prisoner No. 82741-079 | Docket No. 99-006 B-99-065-01 CAB-00-52 |
| Place of Confinement FCI SEAGOVILLE | | |

(include name upon which convicted)

UNITED STATES OF AMERICA       V.       ISMAEL CEPEDA
(full name of movant)

United States District Court
Southern District of Texas
FILED
APR 05 2000
Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION__

2. Date of judgment of conviction __AUGUST 11, 1999__

3. Length of sentence __87 MONTHS__

4. Nature of offense involved (all counts) __1 count of possession with intent to distribute 671 grams of cocaine and 1 count of possessing a weapon in connection with the drug count__

5. What was your plea? (Check one)
   (a) Not guilty     ☒ on gun count
   (b) Guilty         ☒ on drug count
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   __I plead guilty to the drug count but went to trial on the gun count that was imposed by superceding indictment__

6. Kind of trial: (Check one)
   (a) Jury        ☒ on gun count
   (b) Judge only  ☒ on drug count

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

9. If you did appeal, answer the following:

   (a) Name of court N/A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐ No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(3)

AO 243
REV 6/82

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____
    _____

    (3) Grounds raised _____
    _____
    _____
    _____
    _____
    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐
    (5) Result _____
    (6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.     Yes ☐ No ☐
    (2) Second petition, etc.     Yes ☐ No ☐
    (3) Third petition, etc.     Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

  A. Ground one: __Ineffectiveness of counsel (see attached)__

  Supporting FACTS (tell your story *briefly* without citing cases or law: _____

  B. Ground two: _____

  Supporting FACTS (tell your story *briefly* without citing cases or law): _____

  C. Ground three: _____

  Supporting FACTS (tell your story *briefly* without citing cases or law): _____

D. Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____
    I was not fully advised of my right to appeal by my attorney so
    I agreed to waive a direct appeal.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing ___N/A___

    (b) At arraignment and plea ___Noe D. Garza, Jr., 854 E. Van Buren, Brownsville, Texas 78520 (956) 544-2911___

    (c) At trial ___Same___

    (d) At sentencing ___Same___

(6)

AO 243
REV 6/82

(e) On appeal ___N/A___

(f) In any post-conviction proceeding ___Pro Se___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___
N?A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: ___

    (b) Give date and length of the above sentence: ___

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____Ismael Cepeda Jr._____
Signature of Attorney (if any)

ISMAEL CEPEDA, Jr., **Pro Se**
#82741-079, FCI Seagoville
P.O. Box 9000
Seagoville, TX 75159-9000

I declare under penalty of perjury that the foregoing is true and correct. Executed on
___3-20-00___
(date)

_____Ismael Cepeda Jr._____
Signature of Movant
ISMAEL CEPEDA, Jr.

(7)

ATTACHMENT TO 28 U.S.C. § 2255 MOTION OF ISMAEL CEPEDA, JR.

Ineffectiveness of Counsel

    Your honor, I was sentenced by you in this matter after I plead guilty to the drug charges but was convicted by a jury of the gun charges. I am a Mexican-American not 100% fluent in English who has no knowledge of or education in the law so I had to rely totally on the advice of my attorney. I have now been able to reflect on the case and do some research in the institution law library and it is my opinion that my attorney was ineffective in not contesting the Government's violation of my plea agreement.

    When I decided to plead guilty to the drug charges, I signed a plea agreement on April 1, 1999 (see attached) in which (see paragraph 1, page 1) the Government promised to prosecute me on only one count. The Government also promised (see paragraph 12, page 5) to "not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment/information." The indictment that was in effect when that plea agreement was entered into was the one issued on February 23, 1999 and it included a gun count. Yet, shortly thereafter, my attorney informed me the Government had changed their mind about dropping the gun charge and superceded my indictment, and we had to go to trial on the gun count. I now do not understand how my attorney could allow the Government to break its agreement. The second superceding indictment is (as far as I can tell) exactly the same as the one in effect when we signed the plea agreement; in any case, the gun count was already charged and the agreement clearly stated that I would only be prosecuted on one count, the drug count.

    As I said, your Honor, I am not a lawyer or even an educated person, yet this situation seems like a simple breach of contract to me, and, if I am correct, I was badly served by my attorney. I would appreciate your reviewing the facts in this case to see if I should be afforded some relief. Thank you for your consideration.

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. B-99-006-01 |
| | § | |
| | § | |
| ISMAEL CEPEDA | § | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through its attorneys James DeAtley, United States Attorney for the Southern District of Texas and Don J. Calvert, Assistant United States Attorney, and the defendant, ISMAEL CEPEDA and the defendant's counsel, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, ISMAEL CEPEDA, agrees to plead guilty to Count Two of the Indictment. Count Two of the indictment charges the defendant with possession with intent to distribute a quantity in excess of five hundred (500) grams but less than two (2) kilograms of cocaine, to wit: approximately six hundred seventy one (671) grams of cocaine, in violation of Title 21, United States Code, § 841(a)(1) and 841(b)(1)(C).

2. In exchange for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's rearraignment and sentencing and for the

Defendant's truthful rendition of facts to the U. S. Probation Department for the preparation of the Defendant's Presentence Investigation Report, the Government will recommend the Defendant be given the full credit for acceptance of responsibility, and be sentenced to the bottom of the Guideline level he scores. Further, the government stipulates that this defendant's relevant conduct is limited to 257.9 grams of cocaine.

    3. The penalty for each violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), to include a maximum term of imprisonment of twenty (20) years, and a fine of $1,000,000; and a (possible) period of supervised release not to exceed three (3) years. The defendant also acknowledges and understands that if the defendant violates the conditions of any period of supervised release which may be imposed as part of the sentence, then the Defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. The defendant cannot be placed on probation or have the imposition or execution of the sentence suspended. Further, the defendant is not eligible for parole.

    4. The defendant will pay to the United States District Clerk a special assessment in the amount of One Hundred dollars ($100.00) per count of conviction, as required in Title 18, United States Code, Section 3013(a)(2)(A). The payment will be by certified check payable to United States District Clerk, Brownsville, Texas 78520.

5. The defendant understands that the Court is permitted, pursuant to Section 5E1.2(I) of the <u>Sentencing Guidelines and Policy Statements</u>, to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment, term of supervised release and probation, if any are ordered.

6. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

7. The defendant agrees to file a sworn financial affidavit that any fine or restitution imposed by the Court will be due and payable immediately. The defendant also agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code. The defendant hereby waives all rights, if any, to obtain discharge or to delay payment of any fine or restitution obligation or alter the time for payment by filing a petition pursuant to the Bankruptcy Code. The defendant hereby stipulates that enforcement of any fine or restitution obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, United States Code, Section 362), and that enforcement of any fine or restitution obligation by the United States is a valid exercise of its police or regulatory power within the meaning of Title 11, United States Code, Section 362(b). The defendant hereby stipulates and agrees not to institute or participate in any proceeding to interfere with, alter, or bar enforcement of any fine or restitution obligation pursuant to the automatic stay or other provision of the Bankruptcy Code in any case filed by the defendant or the defendant's creditors. Upon request of the United States or the victim, the defendant will execute an order or stipulation granting the United States or the victim relief from the automatic stay or other Bankruptcy Code provisions in order

to enforce any fine or restitution obligation. The defendant hereby stipulates that any fine or restitution obligation imposed by the Court is not dischargeable in any case commenced by the defendant or the defendant's creditors pursuant to the Bankruptcy Code. The defendant's waivers and stipulations or agreements set forth above are made in exchange for the United States' concessions set forth in this plea agreement.

8. The defendant understands that the sentence to be imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of the obligations under this plea agreement.

9. The defendant is aware that the defendant's sentence will be imposed in accordance with the Sentencing Guidelines and Policy Statements. The defendant nonetheless acknowledges and agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined) if such sentence is within the guidelines range as determined by the Court. This agreement does not, however, affect the rights of the defendant to appeal an illegal sentence as set forth in Title 18, United States Code, Section 3742(a). Nor does this agreement affect the rights of the defendant to appeal based upon allegations of ineffective assistance of counsel or prosecutorial misconduct.

4

10. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives the right to appeal any sentence imposed within the guidelines range in exchange for the concessions made by the United States in this plea agreement.

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>.

12. The United States agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it

does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

13. The Defendant understands that by entering into this Agreement, he/she surrenders certain rights as provided in this Agreement. Defendant understands that the rights of defendants include the following:

a. If the defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the court all agree.

b. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and his/her attorney would be able to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the Court.

c. At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

14. The defendant understands that nothing in this plea agreement, however, will restrict access by the Probation Office or the Court to information

6

and records in the possession of the United States, including that obtained from the defendant.

15. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, or if the Defendant commits, attempts to commit or is arrested for the commission of any crime after the Defendant signs this plea agreement, the United States will be released from its obligations under the plea agreement.  If the defendant knowingly withholds evidence, or otherwise is not completely truthful with the United States, an officer of the United States, any law enforcement officer, or in testimony before the grand jury or at trial; or if the defendant knowingly gives false information to the United States relating to another's participation in criminal activity, then:

a. The defendant may be prosecuted for perjury, false declaration, false statement, and/or obstruction of justice or any other offenses that may have been committed;

b. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom will be used against the defendant in any prosecution;

c. The United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence.

16. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required

7

to establish a breach of the plea agreement by a preponderance of the evidence. The provisions of this paragraph do not apply, however, to the United States' decision whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statements</u>. The defendant agrees that the decision whether to file such a motion rests within the sole discretion of the United States.

17. The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the <u>Sentencing Guidelines and Policy Statements</u>, or Rule 35(b) of the Federal Rules Criminal Procedure, if in its discretion, it is determined that such a departure is appropriate.

18. This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. No promises or representations have been made by the United States excepts as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

_____
ISMAEL CEPEDA

APPROVED:

_____
Assistant U. S. Attorney

8

ClibPDF - www.fastio.com

_____
Attorney for Defendant

**9**

I have consulted with my counsel and fully understand all my rights with respect to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines and Policy Statements</u> which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

Date: 4/01/99

_____
ISMAEL CEPEDA

10

I have fully explained to the defendant, his/her rights with respect to the pending indictment/information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 7/01/99

_____
Counsel for Defendant

11