4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| Plaintiff, | § | Civil Case no. B-00-052 |
| v. | § | Criminal no. B-99-006 |
| ISMAEL CEPEDA, JR., | § | MOTION TO REINSTATE 2255 |
| Petitioner-Defendant. | § | MOTION DUE TO EXCUSABLE NEGLECT |

**COMES NOW,** Ismael Cepeda, Jr., Petitioner-Defendant, Pro-Se, interposing **Haines v. Kerner**, 404 US 519 (1972), and respectfully requests that this Honorable Court grant his Motion to Reinstate 2255 Motion Due to Excusable Neglect. In support thereof, Petitioner states the following, to wit:

1. On March 20, 2000, Petitioner Cepeda, Jr., with inmate assistance, filed a 28 USC §2255 Motion.

2. On September 19, 2000, Petitioner, having not heard from the Court on his 2255 Motion, mailed a letter to the Clerk of this Office to find out the current status of his 2255 Motion (Exhibit "A".).

3. On September 29, 2000, I received a response to my letter to the Clerk. Said response from the Clerk of the Court included a Docket Sheet (Exhibit "B").

4. On October 3, 2000, I received an order from the Clerk of the Court, dismissing my 2255 for Lack of Prosecution (Exhibit "C").

5. Petitioner has been prejudiced, through no fault of his own, because he was never informed as to what he was required to do, if anything, in regards to the litigating of his 2255.[1]

---

[1] Petitioner does not know why his case was dismissed, only that it was dismissed for lack of Prosecution.

1

6. In addition, the Petitioner is merely a layman and should not be expected to know all the rules. See e.g., **Cobbs v. Lewis**, 488 F.2d 41, 45 (5th Cir. 1974). "Adopted rules were not designed to 'set traps' and pitfalls by way of technicalities for unwary litigants."

7. Petitioner, on September 19, 2000, attempts to rectify a misunderstanding while imperfect, have manifested to the extent for which **Forman v. Davis**, 371 U.S. 178, 181 (1962) stands for. "That the requirement of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on it's merits." **Turnball v. U.S.**, 929 F.2d 173, 177 (5th Cir. 1991)(Quoting **Torres v. Oakland Scavenger Co.**, 487 U.S. 312, 316 (1988).

8. Petitioner has a dead bang issue, in light of recent Supreme Court cases, **Apprendi v. New Jersey**, 120 S.Ct. 2348 (2000) and **Jones v. United States**, 526 U.S. 227 (1999); inter alia.

## CONCLUSION

Petitioner Cepeda, Jr., has not received any order or instructions as to what he is/was required to do in the matters of his 28 USC §2255, except the order dismissing his 2255 filed on September 26, 2000. It would be patently unfair and unjust to allow Petitioner Cepedas 2255 denial to stand under the excusable circumstances that exist herein.

**WHEREFORE,** premises considered herein, Petitioner Cepeda, Jr. prays that This Court grant his Motion to Reinstate his 2255 Motion and allow it to be decided upon the merits.

Respectfully submitted,

2

*Ismael Cepeda, Jr.* (signature)
Ismael Cepeda, Jr.
Reg. no. 82741-079
P.O. Box 9000
Seagoville, TX 75159-9000

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the aforegoing motion, properly addressed, postage prepaid to:

U.S. Attorney's Office
ATT: Paula C. Offenhauser
P.O. Box 61129
Houston, Texas 77208

on this, the 12th day of October, 2000

*Ismael Cepeda, Jr.* (signature)
Ismael Cepeda, Jr.

3