United States District Court
Southern District of Texas
FILED

FEB 1 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL CEPEDA, JR.,<br>Petitioner | § § § | Civil case no. B-00-052 |
| v. | § § | Cr. case no. B-99-006 |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § § | MOTION FOR LEAVE TO<br>SUPPLEMENT PETITIONER'S<br>28 USC §2255 |

   **COMES NOW**, Ismael Cepeda, Jr., Petitioner, Pro-Se, interposing <u>Haines v. Kerner</u>, 404 US 519 (1972), and hereby moves This Honorable Court for an order granting his Motion for Leave to Supplement Petitioner's 28 USC §2255. In support thereof, Petitioner offers the following:

   On December 11, 2000, Petitioner Cepeda was granted in forma pauperis status;

   At the time he was granted in forma pauperis status, Petitioner was placed in administrative segregation during an emergency lockdown at Seagoville Prison;

   Petitioner is unlettered at law and could not research his case effectively from the administrative segregation due to being unlettered and having minimal access to a law library that does not contain current law material;

   Petitioner, upon being released, sought the help of an inmate advocate;

   Petitioner submits this request in order to preserve his meritorious issues that were not included in his original §2255 and that will be waived by failure to address them if not filed within his first §2255 motion;

   Petitioner seeks this supplemental addition in good faith

1

and not for delay;

The government has not responded to the December 11, 2000, order as yet.

**WHEREFORE** Petitioner respectfully requests that This Honorable Court grant his Motion for Leave to Supplement his §2255 and allow a Supplemental Brief to be filed on behalf of Petitioner.

Respectfully submitted,

*Ismael Cepeda JR.*
Ismael Cepeda, Jr.
Reg. no. 82741-079
P.O. box 9000
Seagoville, TX 75159-9000

2

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Southern District of Texas |
|---|---|
| Name of Movant: Ismael Cepeda Jr | Prisoner No. 82741-079 | Case No. B-99-006 |
| Place of Confinement: Seagoville, Tx FCI | | |

UNITED STATES OF AMERICA  v.  Ismael Cepeda, Jr.
(name under which convicted)

Supplemental §2255       **MOTION**

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court, Southern District of Texas, Brownsville Division

2. Date of judgment of conviction  August 11, 1999

3. Length of sentence  87 months

4. Nature of offense involved (all counts)  1 count of possession with intent to distribute 671 grams of cocaine; 1 count of possession of a firearm in relation to a drug crime

5. What was your plea? (Check one)
   (a) Not guilty    ☒ on gun count
   (b) Guilty        ☒ on drug count
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Plead guilty to the drug count; went to trial on gun charge.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☒ on gun count
   (b) Judge only    ☒ on drug count

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

AO 243 (Rev. 5/85)

9. If you did **appeal**, answer the following:

    (a) Name of court __N/A__

    (b) Result __N/A__

    (c) Date of result __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

    (5) Result __N/A__

    (6) Date of result __N/A__

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____N/A_____

    (6) Date of result _____N/A_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐
    (2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective assistance of counsel (see attached)

Supporting FACTS (state *briefly* without citing cases or law) Counsel failed to object to government breaching plea agreement

B. Ground two: Ineffective assistance of counsel (see attached)

Supporting FACTS (state *briefly* without citing cases or law): Counsel failed to make motion for downward departure for aberrant behavior

C. Ground three: Ineffective assistance of counsel (see attached)

Supporting FACTS (state *briefly* without citing cases or law): Counsel failed to file appeal.

(5)

D. Ground four: Ineffective assistance of counsel (see attached)

Supporting FACTS (state *briefly* without citing cases or law): Counsel was ineffective for failing to file for a downward departure under USSG §3B1.2 and 5K2.12

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Default by counsel-counsel failed to fully advise me on appeal issues so I waived appeal.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  N/A

(b) At arraignment and plea  Noe D. Garza, Jr. 854 E. Van Buren, Brownsville, TX. 78520

(c) At trial  Same

(d) At sentencing  Same

(6)

AO 243 (Rev. 5/85)

(e) On appeal _____N/A_____

(f) In any post-conviction proceeding ___Pro-se___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes XX  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No XX

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____Pro-Se Petitioner_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__2-6-01__
(date)

_____Ismael Cepeda, Jr._____
Signature of Movant
Ismael Cepeda, Jr.

(7)

# SUPPLEMENTAL 28 USC §2255 ISSUES

The issues presented herein are in addition to the issue presented in the original 28 USC §2255.

## II.
## COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE FOR AN ABERRANT BEHAVIOR DOWNWARD DEPARTURE

Counsel was ineffective for failing to address the aberrant behavior downward departure that was available to the Petitioner. Counsel had a duty to file a motion for a downward departure due to the aberrant behavior of the Petitioner. Mitigating circumstances could/should have been properly placed before the Court for review. Counsel was not objectively reasonable in his errors.

## III.
## COUNSEL WAS INEFFECTIVE FOR FILING APPEAL

Petitioner expressly requested that his counsel file an appeal in his case. Counsel failed to make a reasonable effort to discover the Petitioner's wishes.

> "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Counsel would not address the concerns of Petitioner and summarily dismissed his requests by telling him there were no issues. Petitioner, being unlettered in law, did not know the difference and submitted to the supposed authoratative advice of his counsel. Counsel was negligent in his duties and at a minimum, should have filed an **Anders Brief**. Petitioner lost his statutory right to appeal due to the ineffective assistance

1

of his counsel. Petitioner "should be allowed to file an out-of-time appeal." <u>U.S. v. Haese</u>, 162 F.3d 359 (5th Cir. 1998), due to the ineffective assistance of counsel. <u>Id.</u>

## IV.
## COUNSEL WAS INEFECTIVE FOR FAILING TO FILE FOR A DOWNWARD DEPARTURE UNDER USSG § 3B1.2 OR 5K2.12

A. <u>5K2.12</u>

Counsel failed to file for a downward departure concerning the mitigating circumstances involved in the firearm charge. Counsel, admittedly, used a defense that the Petitioner possessed a firearm due to fear for his safety [during the trial], yet failed to renew this mitigating circumstance at sentencing, which would have alerted the Judge to the issue. <u>See</u>, <u>U.S. v. Armor</u>, 24 F.3d 432, 438-39 (2nd Cir. 1994). The guidelines require the District Court to make empirical judgments where factual subtleties can make a real difference. Counsel was ineffective for failing to bring this issue to the Court.

B. <u>3B1.2</u>

Counsel was ineffective for failing to file for a downward departure pursuant to USSG §2B1.2. Whether Petitioner's role was minimal or minor, as well as whether he should receive a two, three, or four point reduction depends on the particular facts of the case and how well counsel marshals them. For example, did Petitioner play a particularly passive role or have little or no knowledge of the relevant conduct in which other actors played?

"[F]amiliarity with the structure and basic content of the

2

guidelines, has become a necessity for counsel who seek to give effective representation." <u>U.S. v. Gaviria</u>, 116 F.3d 1498, 1512 (D.C.Cir. 1997); <u>see also</u>, <u>U.S. v. Acklen</u>, 47 F.3d 739 (5th Cir. 1995), which held that counsel was ineffective for failing to read the guidelines and find the relevant law. Counsel has been found to be ineffective for failing to file a downward departure pursuant to 3B1.2. <u>U.S. v. Soto</u>, 132 F.3d 56 (D.C.Cir. 1997). Counsel was ineffective. Petitioner was prejudiced by his failure to seek a downward departure for which he was eligible.

Dated: 2-06-2001

Respectfully Submitted,

*Ismael Cepeda JR.*

Ismael Cepeda, Jr.
Reg. No. 82741-079
P.O. Box 9000
Seagoville, Texas 75159-9000

3

## CERTIFICATE OF SERVICE

I, Ismael Cepeda, Jr., hereby certify that I mailed a true and correct copy of my "Motion for Leave to Supplement Petitioner's 28 USC §2255" and "Supplemental 2255" addressed to:

U.S. Attorney's Office
1001 E. Elizabeth Street
Brownsville, TX 78521

on this the 6th day of February, 2001.

*Ismael Cepeda Jr.*
Ismael Cepeday, Jr.

4