United States District Court
Southern District of Texas
ENTERED

MAY 2 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL CEPEDA JR. | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-52 |
| | § | (CR. NO. B-99-006 S1) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On December 16, 1998, Petitioner Ismael Cepeda Jr. was indicted for (1) one count of conspiracy to possess a controlled substance, (2) one count for possession of a controlled substance with the intent to distribute approximately six hundred seventy-one (671) grams of cocaine, and (3) one count of possessing a weapon. On April 1, 1999, Cepeda plead guilty to Count Two of the Indictment. He was then sentenced to eighty-seven (87) months of imprisonment, followed by a three year term of supervised release. Cepeda now requests that this Court vacate his sentence pursuant to 28 U.S.C. § 2255. Cepeda alleges that his counsel was ineffective (1) for failing to inform him of his right to appeal, and (2) for allowing the Government to breach its agreement that he would not be prosecuted on the weapons charge.

1

## LEGAL STANDARDS

Ineffective assistance of counsel claims are reviewed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To establish ineffective assistance of counsel, Cepeda must prove (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficiency. *Id.* Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Here, Cepeda's claim of ineffective assistance is based on the allegation that his counsel allowed the Government to breach their plea agreement. To determine whether a plea agreement has been breached, this Court must look at "what the parties to [the] plea agreement reasonably understood to be the terms of the agreement." *United States v. Alexander*, 869 F.2d 91, 95 (2nd Cir. 1989).

Under the second prong, Cepeda must demonstrate that the results of his proceedings were unfair or unreliable. "Unreliability or unfairness does not result if the effectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993).

## ANALYSIS

Cepeda has failed to prove that his counsel's assistance was ineffective. First, Cepeda has failed to show that his counsel allowed the Government to breach their plea agreement. The Government, counsel for Cepeda, and the District Court informed Cepeda that he would still be facing the weapons count.[1]

---

[1] *See* Re-Arraignment Proceedings, *United States of America v. Ismael Cepeda Jr.*, CR. NO. B-99-006-S1-01, No. 151 at 16.

2

Cepeda also verbally acknowledged that he still faced the weapons count, despite his plea of guilty to the drug possession count.[2] Lastly, the written plea did not contain an agreement by the Government to dismiss Count Three. Like the Government's agreement to dismiss Count One, their reservation of Count Three for trial was voiced orally at the re-arraignment hearing. During the same hearing, Cepeda confirmed his understanding of the plea agreement, as voiced by the Government, and acknowledged that his plea to Count Two was voluntary.[3] Accordingly, with respect to Cepeda's first claim, he fails to meet his burden under *Strickland* because the record contradicts his claim.

Cepeda's second claim of ineffective assistance alleges that his counsel did not inform him of his right to appeal. Here again, however, the record contradicts Cepeda's claim. On June 30, 1999, Cepeda's sentencing hearing was held. Cepeda confirmed that he had no objections to the Presentence Investigation Report.[4] Following the sentencing hearing, Cepeda filed a written notice with the District Court stating his intention not to appeal. This intention not to appeal is supported by his counsel's testimony. In a sworn affidavit, his counsel stated:

> I explained to him that he had the right to appeal the verdict of the jury and the sentence imposed by the Court. I advised him that if he wished to file an appeal, that he had ten days from the date the sentence was imposed to file his notice of appeal with the District Clerk. Mr. Cepeda was fully aware that the Government never told him or me that Count Three would be dismissed, if he plead guilty to Count Two.

---

[2] See Re-Arraignment Proceedings, *United States of America v. Ismael Cepeda Jr.*, CR. NO. B-99-006-S1-01, No. 151 at 17.

[3] See Re-Arraignment Proceedings, *United States of America v. Ismael Cepeda Jr.*, CR. NO. B-99-006-S1-01, No. 151 at 25.

[4] See *Ismael Cepeda Jr. v. United States of America*, CA. NO. B-01-00-52, Pleading No. 9 at 5.

3

Mr. Cepeda was further fully advised of his rights of appeal and decided not to appeal and accordingly waived his right to appeal by executing waiver.[5]

Finally, Cepeda's signature on the waiver document waiving his right to appeal undermines his claim and confirms that he made an informed decision not to file an appeal.

## RECOMMENDATION

For the reasons given above, this Magistrate recommends that Petitioner Cepeda's § 2255 Motion be denied. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 21ST day of May, 2001.

                                                  Felix Recio
                                                United States Magistrate Judge

---

[5] *See Ismael Cepeda Jr. v. United States of America*, CA. NO. B-01-00-52, Pleading No. 9 (*containing* Counsel's Affidavit).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL CEPEDA JR. | § § | |
| v. | § § | CIVIL ACTION NO. B-00-52 (CR. NO. B-99-006 S1) |
| UNITED STATES OF AMERICA | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Petitioner Cepeda's § 2255 Motion is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____ 2001.

_____

Hilda Tagle
United States District Judge

5