/2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 1 2001

Michael N. Milby
Clerk of Court

ISMAEL CEPEDA, JR., §
    Petitioner §
§
v. § Civil Case no. B-00-052
§ Cr. case no. B-99-006
UNITED STATES OF AMERICA, §
    Respondent. §
§

### PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDANTION

COMES NOW Ismael Cepeda, Jr., Petitioner, Pro-Se, interposing **Haines v. Kerner,** 404 US 519 (1972), and hereby submits his objections to the US Magistrate Judge's Report and Recommendation. In support thereof, Petitioner Cepeda submits the following, to wit;

On March 20, 2000, Petitioner filed his 28 USC §2255.

On February 6, 2001, Petitioner filed a Pro-Se Motion for leave to supplement Petitioner's 28 USC §2255 and Supplemental §2255 Brief.

On May 22, 2001 [received by Petitioner May 25, 2001], the US Magistrate issued his Report and Recommendation.

### ARGUMENT AND AUTHORITIES

#### I.
#### THE U.S. MAGISTRATE JUDGE FAILED TO ADDRESS, DENY OR ACKNOWLEDGE PETITIONER'S SUPPLEMENTAL §2244 ISSUES IN HIS REPORT AND RECOMMENDATION.

Petitoner objects to the fact that the US Magistrate Judge failed to address the issues of Petitioner's Supplemental §2255

-1-



nor did the US Magistrate Judge rule on the Motion for Leave to Supplement Petitioner's 28 USC §2255. The Magistrate Judge's failure to address the issues in his Supplemental Brief deny him the right to a full and fair appeal. Due Process requires that, once a statutory right has been created, each defendant must be afforded "a fair opportunity to obtain an adjudication on the merits of his appeal. 'Fair opportunity' for appeal is violated when the Courts deny defendant the means to effectively press [his] Appellate arguments." <u>Texaco v. Pennzoil</u>, 784 F.2d 1133, 1154 (2nd Cir. 1986).

As matters stand, there will **never be** an Appellate Judgment on the issues presented by the Petitioner, thus leaving the Petitioner no fair opportunity to appeal his issues and his Motion to Supplement his 28 USC §2255 rendered a **"meaningless ritual"**. It is particularly unfair that Petitioner Cepeda is forced by the Magistrate Judge to acquiesce in a judgment that ignores the material issues he pressed in his case, potentially thwarting further review, and ignoring the issues in a manner contrary to the record in order to defeat his claims to legal insufficiency. <u>U.S. Bancorp Mortgage Co. . Bonner Mall Partnership</u>, 513 US 18, 25 (1994).

The US Magistrate strips Petitioner of Appellate Review. Due Process requires that it be restored to him and that the issues be adjudicated fairly and truthfully in accord with the record.

## II.
### PETITIONER'S COUNSEL MISLED THE PETITIONER ON HIS APPEAL ISSUES AFTER REQUESTING HIS APPEAL AND COUNSEL HAS PERJURED HIMSELF IN AFFIDAVIT.

Petitioner asked Counsel to file his appeal and Counsel stated tha he did not believe there were any issues on which to file. [Exhibit "A"]. This letter from Counsel Garza **directly** conflicts with his written affidavit! Petitioner **asked** him to file an Appeal and counsel **talked** him out of it ..., not the "Mr Cepeda was fully advised of his rights of appeal and decided not to appeal and accordingly waived his right to appeal by executing waiver."

Petitioner's Counsel has misled the Court via the Prosecutor as to the Petitioner's issue of whether the Petitioner asked him to appeal his senntence. As clearly evident from the letter from Counsel to the Petitioner, the Petitioner **asked** him to appeal, but Counsel talked him out of appealing. That is inconsistent with Due Process. Counsel's failure to file an appeal when requested to do so by Petitioner, even though he pled guilty, constituted ineffective assistance of counsel and required the Petitioner be allowed to file an out-of-time appeal. **Martin v. US**, 81 F.3d 1083 (11th Cir. 1996); **Mack v. Smith**, 659 F.2d 23 (5th Cir. 1981). Furthermore, the Counsel failed in his duties and should have filed an **Anders** Brief which held "that the Constitutional right to Counsel requires that on an indigent's first appeal from his conviction, court-appointed counsel support

the appeal to the best of his ability, requesting permission to withdraw only if he finds the case to be wholly frivolous in which event he must file a brief referring to anything in the record that might arguably support the appeal." <u>Anders v. California</u>, 386 US 738 (1967).

The Magistrate's reliance on false testimony of counsel to adjudicate the Petitioner's failure to appeal claim is factual and legal conclusion that reflect the application of an improper legal standard, thus the conclusions are not insulated by the "clearly erroneious" standard. <u>Martinez v. Dixie Carrier, Inc.</u>, 529 F.2d 457, 469 (5th Cir. 1976). A "District Court, by definition, abuses its discretion when it makes an error of fact or law." <u>Koon v. United States</u>, 518 US 81 (1996). The Magistrate's reliance on the "erroneous" statements of Petitioner's counsel renders his conclusions factually incorrect.

Counsel's refusal to comply with Petitioenr's wishes to appeal breached the agency relationship between attorney and client, thereby making it unreasonable to impose upon the Petitioner the consequences of the Counsel's procedural default. <u>Harper v. Nix</u>, 867 F.2d 455, 457 (8th Cir. 1989); <u>See, also</u>, <u>Restatement</u> (Second) of agency, §385 (1958)(emphasis added).

### III.
### COUNSEL WAS INEFFECTIVE FOR MISLEADING PETITIONER AS TO HIS PLEA AGREEMENT

As evidenced in Issue II, Counsel's word is highly suspect adn lies of counsel to a client are grounds for an Evidentiary

Hearing. <u>United States v. Giardino</u>, 797 F.2d 30 (1st Cir. 1986). Counsel misled the Petitioenr about the effects of his plea agreement and Petitioner, relying on Counsel's word, was led to believe that the government would have the weapons count dismissed. The government did, in fact, violate the terms of the plea agreement. The Courts have stated:

> "A plea bargain is a contract; the terms of which must necessarily be interpreted in light of the parties reasonable expectations." <u>U.S. v. Mooney</u>, 654 F.2d 482 (7th Cir. 1981).

In <u>United States v. Roberts</u>, 570 F.2d 993, 999 (D.C.Cir. 1979), the Court states:

> "The government will not be allowed to avoid the obligation it incurred claiming now that the language literally promises nothing to the defendant."

The issues involved is whether (1) the Petitioner exhibited an actual subjective expectation to negotiate the plea; (2) whether the Petitioner's perception of the negotiations and discussion was reasonable under the circumstances. <u>Smith v. Blackburn</u>, 785 F.2d 545 (5th Cir. 1986).

Petitioner's plea was based upon the advice of Counsel relating to the agreement they gave him. Petitioner's guilty plea was not voluntarily, knowingly, or intelligently made.

A. <u>Did Petitioner Receive the Benefits of His Plea Bargain</u>

While a defendant cannot fullyknow the consequences of pleading guilty, he certainly knows what is being yielded at the time he yields it. Since a defendant may waive his Constitutional rights as part of a plea agreement, including the right

to trial by jury and the right to be free from self-incrimination, a defendant should certainly be made aware what he is giving up, in return for his plea bargain. If he does not know, this manipulates the concept of a knowing, intelligent and voluntary waiver , so as to insulate from appellate review the decision making by lower courts in an important area of criminal law. This manipulation ignores at least two fundamental principles. First, the waiver of rights can hardly be knowing and intelligent given its inerently futuristic nature. Second, broadly used waivers thwart Congressional limitations on the sentencing power of Trial Courts.

B. **Waiver of Rights Prevents Redressing Instances in Which Defense Counsel Provided Ineffective Assistance of Counsel at Plea Stage**

The central problem herein, is the fact that Counsel had lied in his affidavit to the Court, in order to insulate the ineffective assistance claims of the Petitioner. The fact that Counsel was ineffective at the critical stage of Petitioner's plea will be ignored by the waiver of Petitioner's rights. Such conduct can never be condoned by This Court, for Counsel's ineffective assistance being the root of the problem would also serve as the **bar** to hear Petitioenr's claims. Thus, a reasonable rule of common sense should indicate that an attorney should not be allowed to profit from being ineffective.

Should This Court allow the Counsel's misdirections to guide their decision, then Petitioner's Due Process Rights will have been violated. An Evidentiary Hearing should be held to address

-6-

these and all issues of Petitioner's §2255.

## CONCLUSION

Petitioner's 2255 Supplemental issues have not been addressed, denied or heard in any form. Petitioner's right to have his issues addressed on the merits have been denied. This Court should remand this case back to the Magistrate Judge for adjudication upon the Supplemental 2255 Motion; grant Peititioner's request for an out-of-time appeal [direct] due to counsel's lies, or in the alternative, grant Petitioner an Evidentiary Hearing on said issues.

**WHEREFORE** premises considered herein, Petitioiner respectfully requests that This Court grant Petitioner's requests herein from the timely objections to the US Magistrate Judge's Report and recommendation.

Respectfully Submitted,

*Ismael Cepeda Jr.*
Ismael Cepeda, Jr.
Reg. no. 82741-079
P.O. Box 9000
Seagoville, TX 75159-9000

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing objections properly addressed to:

US Attorney's Office
1001 E. Elizabeth Street
Brownsville, TX 78521

on this the 30th day of May, 2001.

*Ismael Cepeda Jr.*
Ismael Cepeda, Jr.

-7-